Good evening everyone. Welcome to the Sixth Circuit. We're eager to hear your arguments and we know who has reserved what time so you needn't recite that but we'll call the first case. Case number 14-5444 Crossville Medical Oncology v. Glenwood Systems LLC. Or arguments not to exceed 15 minutes per side. Mr. James Matthew Blackburn for the appellant. Good morning. May it please the court. I apologize to the court because I'm under the weather and I apologize for my voice. This appeal concerns an arbitration dispute that is starting to age. It's been before this court twice before and we're before the court for a third time now. The issue before the court today concerns the authority of a district court to award attorney's fees to the prevailing party in proceedings following arbitration. You could help the court, Mr. Blackburn, at the outset by explaining I understand that the arbitrator awarded about $130,000 in fees initially and then there was the $3,500 in forward-looking prospective that I think anticipated the costs of confirmation in one way or another. Am I correct about that? It was classed as cost and it wasn't exactly fees but it was prospective. There was something infraturo about it. What's the infraturo about? I believe, Your Honor, I'm getting into the arbitrator's head but the infraturo is the prospective cost of converting because of the party's contract. Isn't that what I just said? Yes, Your Honor. Then there also appears to be a $16,000 fee award post-arbitration. Am I wrong about that? There's an additional $16,000 beyond the award at some point in the cases and the appeals from Judge Haynes. For costs, yes, Your Honor. Okay, what is it? It's costs? Yes, Your Honor. It was after the arbitration award so it was awarded by a court, not an arbitrator? Right. Nobody's complaining about that? I don't believe so, Your Honor. Okay, all right. So today we're hearing your appeal about additional fees and costs and prejudgment interest, etc. Okay, so we know where we are in the fee situation. There's no complaint about anything except this? That's right, Your Honor. All right, proceed. The district court held that it lacked authority under the FAA on a statutory basis to award any attorney's fees for post-arbitration proceedings. We contend that that's an error and that, in fact, the court's relying upon the Menke case out of the Seventh Circuit to conclude that it has no authority under the FAA to award attorney's fees. In fact, the Menke court acknowledges that if there is a grounding contract, a court can award attorney's fees for proceedings beyond the arbitration. And that's what we're dealing with here today. In fact, that reading of Menke was confirmed and reiterated by the harder court in a later opinion from the Seventh Circuit. In that decision, the Seventh Circuit acknowledged that contractual bases for awarding attorney's fees apply regardless of whether there's statutory grounds under the FAA. And you realize your brother counsel's brief takes issue with that analysis, so could you take on the challenge here? He says you're wrong about that, but the language here in the contract says, uses award in such a way that we know it doesn't mean a court can pay fees. It means an arbitrator. An arbitrator can do it. That's the position of the appellee? Yes. We would disagree with that because this is a pretty standard prevailing party attorney's fees. It contemplates that disputes regarding this agreement should be referred to arbitration, but that a prevailing party should be awarded attorney's fees and contemplates that a judgment will be rendered on attorney's fees. That's not the American rule, though. I mean, so was the provision for the awarding of attorney's fees part of the agreement? Yes, Your Honor, it is. It's within a sort of a longer paragraph in the agreement. So you say that the attorney fee portion really is covered by the whole umbrella award, so the district court would have authority to grant attorney's fees because that is a part of the umbrella arbitration proceeding and award. That's exactly right, Your Honor. It is a broad enough provision that concerns disputes regarding this contract. The prevailing party is contemplated to be awarded its fees and costs. Even in the context of the FAA, the courts are enforcing parties' agreements, so long as the agreement is in place that will allow for recovery of attorney's fees with respect to disputes. Do you say there's a provision in the contract for that? You say there's a special provision? We're only pointing to the provision that says all disputes shall go to arbitration. Which provision are you focusing on saying what you just said? It's within that same paragraph. Okay, all right. But the language used is in the context of disputes. Disputes are to be referred to arbitration, and in the event of an award in a prevailing party, the prevailing party is entitled to its costs and fees. You know, I know this is a small… Do you have water there, counsel? I'm sorry. That's okay. I do apologize. Do you have some? I'm just worried that it's going to run out of steam there. So this may be a small portion, but the appellee suggests that this $3,500 in cost, beyond the $3,500 in the cost of converting the award to a judgment, they say that that was inadvertently applied, while you argue that it was a proper additional amount. Why do you contest their claim of inadvertence? Well, with respect to that $3,500 that was awarded in arbitration, it was sort of a prospective cost of converting this to an arbitration fee or a judgment. We take issue not with the fact that the arbitrator had authority to prospectively predict. It was in his scope to do that. That's correct. A standard confirmation summary proceeding is contemplated by the FAA. What Dr. Tabor chose to do here was the litigation strategy condoned by the MCI opinion in the First Circuit. And in that case, essentially the First Circuit acknowledged that a litigant can raise an objection early on in the arbitration proceeding and not participate, avoid it altogether. And it's not subject to the requirements of the FAA to come in and raise certain vacation or modification objections. In fact, they can wait until confirmation to raise essentially a challenge to the contract as a whole. Our conceptualization of this case, and we submit that this is accurate, is that this is really a challenge to and this is Dr. Tabor's challenge to the agreement. What he has argued and what he has pursued in this case is that he is not a party to this arbitration agreement and that he was not a proper party to be arbitrated claims against in the arbitration. Therefore, this case is really an enforcement action with respect to these fees that we're seeking today. Okay. And the district judge, of course, took a different position relying on Mimki and Huntsville Golf. Is part of the problem that the judge did not specifically articulate in some writing why there was no authority for him to do that? In your assessment, is the judge required to delineate the basis for a decision to rule the way the judge did in that case? I think to address Your Honor's question, I have to talk about the standard of review. And we raised this in our brief that traditionally, usually, standard review for attorney's fees is an abusive discretion standard. However, we've cited to the U.S. Supreme Court case, the Perdue case. It says that when we're left to guess at what the reasoning behind a fee awards are, essentially meaningful appellate review is not available. And then the second part of this, Your Honor, is this is- Which changes the standard review. Is that the end of your analysis? The flip side is, well, it essentially creates a reversible error on its own. There's not enough reasoning for the court to even determine whether legally Judge Haynes would have been correct. That's why I'm advocating that it's actually de novo standard because the court has to determine whether legally this result is condoned by the law and the case is cited. I do believe that a little more reasoning would have helped enlighten this court as to where Judge Haynes was thinking about going with the case. But nevertheless, the legal issues, he did cite the Mankey case and applied it very narrowly. In fact, I believe erroneously to only in FAA context, the court can only award fees if there's a statutory basis under the FAA for it, which is not what the law is, even under the Mankey case. And could you speak briefly to the prejudgment interest issue? We've asked for prejudgment interest. The issue taken with it by the appellee, I believe, is that we were not invited to file a post-trial motion by Judge Haynes under Rule 54. Procedurally, I am not familiar with any other way to collect prejudgment interest. You must first have a judgment and then file a post-trial motion. It's regularly done in our jurisdiction in Tennessee. And in fact, you see it in that we cited the sale fraud case in the Northern District of California in which that was the exact procedure done in that case, was that after a hearing on the merits of various challenges to the scope of arbitrator's authority, the district court was invited to award prejudgment interest and did in that case. We believe we've stated it properly, and Judge Haynes didn't really address, or actually did not address it at all, as we said in our brief, is sort of throwing the baby out with the bathwater. We believe that we would be entitled to both attorney's fees and to prejudgment interest as a part of making this party whole. Your Honor, I believe that this case should be viewed in the context of a strong... I take it that you agree, counsel, that if this court were to decide that you were not entitled, that Haynes was right on his first issue, then your failure to persuade about that would eliminate the opportunity for the other fees, too? No, Your Honor, it doesn't. Well, I guess the rationale would be under the FAA statutory, if you don't have rights under the FAA for additional fees, that it only can come from the arbitrator. You don't think they're mutually exclusive? Your Honor, if there's no grounds for, if Judge Haynes is right, that the FAA is the exclusive means for determining all rights and responsibilities of the party, then of course... Then the game's over. But I don't believe that's condoned. I realize that, yeah, hypothetically. That's right, Your Honor. Thank you. Thank you. Good morning. May it please the Court. I'm John Hicks on behalf of Dr. Tabor. Dr. Tabor argued below that it was not appropriate to enforce the arbitration award against him. Mr. Hicks, in your presentation, does Dr. Tabor concede that any portion of the $200,000 $23,000 award is appropriate? Does he concede that any portion of that is warranted? At this point, Your Honor, we're stuck with that ruling. We argued before. This Court has already said. We came before this Court. He was a party to it, and he's liable personally. This Court remanded the case to Judge Haynes and said that Dr. Tabor was entitled to have a court determine whether or not he was bound to arbitrate. And he did. And he did, and Judge Haynes ruled against us on that issue, and we're stuck with it. We're stuck with the arbitration award. We don't have any. I don't know if that answered Judge Donald's question. Thank you. I think he said he's stuck. I'll take that answer. I am, Your Honor. I am. Again, this Court afforded us the opportunity to litigate that question we lost. We've not sought review of that decision. So where we are today is that we are here before this Court with the arbitration award that Glenwood has sought to enforce. Glenwood chose to stick with the arbitration agreement. They went before Judge Haynes. We had a trial. We lost the trial. Judge Haynes ruled against us. Judge Haynes enforced the arbitration award. Again, we're stuck with that. Why aren't they entitled to fees for enforcement? Why is this? I mean, can you argue with a straight face that this is strictly confirmation, all this effort that's gone on since the original confirmation? They chose to seek confirmation of that award. They didn't choose to have another arbitration, which they could have done. They could have said to when Judge Haynes said, yes, you're bound by the arbitration agreement and we want to pursue an arbitration against Dr. Tabor. They had that option. They could have done that. But what we've done here is we've chosen and elected to. Okay, was that a realistic option? What benefit? Why would anyone choose that? Why would any party? Perhaps to get exactly the relief that they want here. Okay. You think that that would open the door for a new fee award? Potentially, Your Honor. But what we have here is we have. . . The failure to do that, you would want to argue today, forecloses the option for any compensation. That's exactly right, Your Honor. The appellants chose to confirm the award that they received. It was already entered, I see. It was already entered. The Menke decision indicates that under the FAA, there's no authority for a court to enter a subsequent award of attorney's fees. And I would submit to the court that that's exactly what the arbitrator did with the $3,500 Infuturo award of attorney's fees. The result that is sought here by the appellant is not a result that's countenanced by the FAA. There's no provision under federal law that says, if you have a complex confirmation argument regarding an arbitration award that's been entered, then that's an exception to the rule that you're stuck with the arbitration award. As we concede, we are here. Congress could easily have said, if you get involved in complex, sidelined, satellite litigation over the confirmation of an arbitration award, then a district judge has the discretion to award additional fees. But that's not included in the Federal Arbitration Act. So, again, as we are stuck with Going back to your contract, I certainly appreciate your point. But returning then to the contract the parties entered that caused them to pursue arbitration, there is language in that paragraph that speaks to prevailing party. Counsel thinks that's a bit of an opening for this move that they have on the table today. I would submit that a plain-language, common-sense reading of Section 10 of the Billing Services Agreement compels a contrary conclusion. The paragraph itself is fairly short. It addresses any dispute. It says that any dispute is sent to arbitration in New Haven, Connecticut, which we did in accordance with the rules of the American Arbitration Association, which we did. And it is the expressed desire of the parties that the prevailing party be awarded costs and attorneys' fees and the award be entered as a judgment. The award is the arbitration award. I know that argument. You say there's no wiggle room within Section 10 that permits this. I do not believe that there is, Your Honor. As I said, I believe that that is a plain, straightforward. So you're saying not under the FAA and not under Section 10 of the contract? Correct. So there's no authority for a supplemental award of attorneys' fees in this case. And the other cases that are addressed, the Fifth Circuit case, refers to a different sort of arbitration clause that refers to any suit in law. And I'm sorry, Your Honor. I'm talking about the sale fraud case, the District of California case that the appellee relies on. That arbitration provision had any action in law or equity kind of language that's not included in the Section 10 of the Billing Services Agreement drafted by the appellant that said issue here. So I would submit to the court that had there been a desire to address other satellite litigation, other awards of attorneys' fees, the parties could have included that in the agreement and they did not. With respect to the prejudgment interest, Judge Haynes was silent on the prejudgment interest request. But I would add to the arguments that we've made that there's no reference in the arbitration award to prejudgment interest. And again, we're here on the issue of confirmation of an arbitration award. There's no reference to prejudgment interest. Prejudgment interest is discretionary at all levels. And by his silence, I would submit that Judge Haynes, at a minimum, exercised his discretion not to award prejudgment interest or considered the confirmation of the arbitration award in the same manner in which he treated the request for attorney's fees. That's reading quite a bit into a failure to discuss an issue. So if you can see that there is authority for fee enhancements or for prejudgment interest, then even if the judge decides that he's not going to award that, isn't it incumbent upon the judicial officer to provide, to write something and to let the parties in this court know the basis for a decision, whatever that decision may be? No doubt, Your Honor, it would have been instructive to all of us if there had been some reasoning on the prejudgment interest issue. And there wasn't. And I don't have more of an explanation for that than I've given. But I would submit that, again, it is discretionary in the general contract and tort case for the unliquidated damage. So should this court remand the case for the judge to let us know what the basis for his decision, rather than speculating, as you have done, about what he meant by the failure to discuss it? With all due respect, Your Honor, I hope not. What's an argument for not doing it? That it was requested through a procedural mechanism that was inappropriate, that the court invited a request for attorney's fees, which the court considered. And I would submit that the district judge's reference to the Menke decision is adequate reasoning on the attorney's fees issue. That was the motion that he invited and the appellant attempted. But the relief is not, those two types of relief are not mutually exclusive. They're not, Your Honor. I can't stand here and say that they are. Simply that that was not what was invited by the district judge. It was an afterthought by the appellants that they included in their request for attorney's fees. And as a result, there's not an adequate basis for an award of attorney's fees. And the court should affirm Judge Haynes in all respects. Unless the court has any other questions for me, I'll conclude. Certainly not. Thank you. Thank you, counsel. If I may make one point of clarification. With respect to that $16,000, that was cost of the arbitration that Judge Haynes confirmed in his order. It was not subsequent costs. It's in addition to the $21,000. What's the general number? $223,000. It was in addition to the $223,000, I take it. Right. Yes. Okay. That's fine. I would like to address the... You say it's costs. It doesn't then contradict the concept that only an arbitrator can grant fees. Right. Okay. I do want to address a point made. Opposing counsel stated that there's no authority for an award of attorney's fees under the FAA. In this case, we haven't cited according to Eppley's counsel. I think the court needs to look closely at the harder opinion. The harder opinion is a Seventh Circuit opinion. Later, an award of fees, that harder case is an award of fees by a court. Post-arbitration. Post-confirmation or as part of confirmation? As part of a response at a prevailing party's response to a motion to vacate. So the losing party of the arbitration moved to vacate the award under the FAA, pursuing the procedural avenues under the FAA. And the court still looked to the contract and said, the losing party, because there's a prevailing party's attorney's fees, has to pay those fees when they lose that motion. That's exactly what the court should have done in this case. Is once... No authority in the Sixth Circuit. No, Your Honor. Our research, and I don't believe Eppley's research is either. Is that the one case that you have found that you think is most analogous and in your favor? I think it's the most analogous and in our favor with respect to the FAA and clarifying the FAA. Now, with respect to the issue of this sort of satellite litigation, which I don't concede this is really satellite litigation, but pursuing an avenue of attacking... We want to take another look at that case. Would you tell me again the name? It's Harder v. Iowa Grain Company. It's a 2000 opinion from the Seventh Circuit. Gotcha. But with respect to the idea that a challenge to arbitration proceedings in general, beyond the scope of just mere vacation or modification on the FAA, an attack to the party to the contract, whether they're bound at all, we've cited to the court the Chesapeake case out of the Tenth Circuit and the Huntsville golf case, which I submit factually the Huntsville golf case, although distinguished by Judge Haynes, really isn't distinguishable at all. And, in fact, the contract provision there that he enforced was much more ambiguous than can be alleged about this one. If there are no more questions, thank you. Counsel, thanks. We appreciate your extra effort to speak when you're feeling so poorly. All right. The court has your matter, and we will consider it carefully and issue an opinion in due course. Thank you.